# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CASE NO.: 1:25-CV-00277- MOC-SCR

| | |
|---|---|
| LILLY GRACE DUNCAN and OLIVIA CLARK,<br><br>    Plaintiffs,<br><br>v.<br><br>ASHEVILLE ACADEMY FOR GIRLS, LLC (f/k/a SOLSTICE EAST, LLC and MAGNOLIA MILLS SCHOOL), WILDERNESS TRAINING & CONSULTING, LLC (d/b/a FAMILY HELP & WELLNESS), and JOHN DOE ENTITIES 1-10,<br><br>    Defendants.<br><br>and<br><br>ASHEVILLE ACADEMY FOR GIRLS, LLC (f/k/a SOLSTICE EAST, LLC and MAGNOLIA MILLS SCHOOL),<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>WILLIAM CLARK, KRISTINA CLARK, CLAUDIA DUNCAN, AND HARLEY BROOKE DUNCAN,<br><br>    Third-Party Defendants. | **DEFENDANTS ASHEVILLE ACADEMY FOR GIRLS, LLC'S ANSWER TO THIRD-PARTY DEFENDANTS' COUNTERCLAIMS** |

**NOW COMES** Defendant Asheville Academy for Girls, LLC ("AAG"), and answers the Counterclaims of Third-Party Defendants William Clark, Kristina Clark, Claudia Duncan, and Harley Brooke Duncan (collectively hereinafter "Third-Party Defendants") as follows:

1

## FIRST DEFENSE AND MOTION TO DISMISS

AAG moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of all claims due to Third-Party Defendants' failure to satisfy Rule 9(j) of the North Carolina Rules of Civil Procedure.

## ANSWER AND SECOND DEFENSE

1. The allegations contained in Paragraph 1 are admitted, upon information and belief.

2. The allegations contained in Paragraph 2 are admitted, upon information and belief.

3. The allegations contained in Paragraph 3 are admitted, upon information and belief.

4. With regard to the allegations contained in Paragraph 4, AAG admits that it was a North Carolina limited liability company operating residential treatment facility at 530 Upper Flat Creek Road, Weaverville, NC.

5. The allegations contained in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, denied.

6. The allegations contained in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, denied.

7. With regard to Paragraph 7, AAG incorporates herein by reference its responses to all previous allegations made in this Complaint.

8. Defendant denies the allegations contained in this paragraph as they are stated.

9. Defendant states that its marketing materials, website, and communications speak for themselves and deny any mischaracterization of those materials. Except as expressly admitted herein, AAG denies the remaining allegations.

10. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 10 and, as such, deny the same.

11. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 11 and, as such, deny the same.

12. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 12 and, as such, deny the same.

13. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 13 and, as such, deny the same.

14. AAG admits that the referenced contract exists but denies any characterization of its terms inconsistent with the document itself. The contract speaks for itself. Except as expressly admitted herein, AAG denies the remaining allegations.

15. AAG admits that the referenced contract exists but denies any characterization of its terms inconsistent with the document itself. The contract speaks for itself. Except as expressly admitted herein, AAG denies the remaining allegations.

16. The allegations contained in Paragraph 16, including each and every subpart, are denied.

17. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 17 and, as such, deny the same.

18. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 18 and, as such, deny the same.

19. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 19 and, as such, deny the same.

20. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 20 and, as such, deny the same.

21. The allegations contained in Paragraph 21 are denied.

22. The allegations contained in Paragraph 22 are denied.

23. The allegations contained in Paragraph 23 are denied.

24. The allegations contained in Paragraph 24 are denied.

25. The allegations contained in Paragraph 25 are denied.

26. The allegations contained in Paragraph 26, including each and every subpart, are denied.

27. The allegations contained in Paragraph 27, including each and every subpart, are denied as alleged.

28. The allegations contained in Paragraph 28 are denied.

29. The allegations contained in Paragraph 29 are denied.

30. The allegations contained in Paragraph 30 are denied.

31. The allegations contained in Paragraph 31, including each and every subpart, are denied as alleged.

32. The allegations contained in Paragraph 32 are denied.

33. The allegations contained in Paragraph 33 are denied.

34. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 34 and, as such, deny the same.

35. The allegations contained in Paragraph 35 are denied.

36. The allegations contained in Paragraph 36 are denied.

37. The allegations contained in Paragraph 37, including each and every subpart, are denied as alleged.

38. The allegations contained in Paragraph 38, including each and every subpart, are denied as alleged.

39. The allegations contained in Paragraph 39 are denied.

40. The allegations contained in Paragraph 40 are denied.

41. With regard to Paragraph 41, AAG incorporates herein by reference its responses to all previous allegations made in Third-Party Defendants' Counterclaims.

42. The allegations contained in Paragraph 42, including each and every subpart, are denied.

43. The allegations contained in Paragraph 43 are denied.

44. The allegations contained in Paragraph 44 are denied.

45. The allegations contained in Paragraph 45, including each and every subpart, are denied.

46. The allegations contained in Paragraph 46 are denied.

47. The allegations contained in Paragraph 47 are denied.

5

48. The allegations contained in Paragraph 48, including each and every subpart, are denied.

49. The allegations contained in Paragraph 49 are denied.

50. With regard to Paragraph 50, AAG incorporates herein by reference its responses to all previous allegations made in Third-Party Defendants' Counterclaims.

51. The allegations contained in Paragraph 51 are admitted.

52. AAG admits that the referenced contracts exist but denies any characterization of its terms inconsistent with the document itself. The contracts speak for themselves. Except as expressly admitted herein, AAG denies the remaining allegations.

53. The allegations contained in Paragraph 53, including each and every subpart, are denied.

54. AAG admits only that Third-Party Defendants remitted certain payments pursuant to the written contracts, which are written instruments that speak for themselves. AAG denies the remaining allegations, including any legal conclusions regarding Third-Party Defendants' alleged substantial performance.

55. The allegations contained in Paragraph 55, including each and every subpart, are denied.

56. With regard to Paragraph 56, AAG incorporates herein by reference its responses to all previous allegations made in Third-Party Defendants' Counterclaims.

57. The allegations contained in Paragraph 57 are denied.

58. The allegations contained in Paragraph 58 are denied.

59. The allegations contained in Paragraph 59 are denied.

60. The allegations contained in Paragraph 60 are denied.

61. The allegations contained in Paragraph 61 are denied.

62. With regard to Paragraph 62, AAG incorporates herein by reference its responses to all previous allegations made in Third-Party Defendants' Counterclaims.

63. The allegations contained in Paragraph 63 state legal conclusions to which no response is required. To the extent a response is required, denied.

64. The allegations contained in Paragraph 64, including each and every subpart, are denied.

65. The allegations contained in Paragraph 65, including each and every subpart, are denied.

66. The allegations contained in Paragraph 66 are denied.

67. The allegations contained in Paragraph 67 are denied.

68. The allegations contained in Paragraph 68 are denied.

69. With regard to Paragraph 69, AAG incorporates herein by reference its responses to all previous allegations made in Third-Party Defendants' Counterclaims.

70. AAG denies the allegations in this paragraph, as they assert legal conclusions regarding the existence of any fiduciary relationship.

71. AAG denies the allegations in this paragraph, as they assert legal conclusions regarding the existence of any fiduciary relationship.

72. AAG denies the allegations in this paragraph, as they assert legal conclusions regarding the existence of any fiduciary relationship.

73. The allegations contained in Paragraph 73, including each and every subpart, are denied.

74. The allegations contained in Paragraph 74 are denied.

75. The allegations contained in Paragraph 75 are denied.

76. The allegations contained in Paragraph 76 are denied.

77. With regard to Paragraph 77, AAG incorporates herein by reference its responses to all previous allegations made in Third-Party Defendants' Counterclaims.

78. AAG denies the allegations in this paragraph, as they assert legal conclusions regarding the existence of any duty.

79. The allegations contained in Paragraph 79, including each and every subpart, are denied.

80. The allegations contained in Paragraph 80 are denied.

81. The allegations contained in Paragraph 81, including each and every subpart, are denied.

82. The allegations contained in Paragraph 82 are denied.

83. The allegations contained in Paragraph 83 are denied.

84. With regard to Paragraph 84, AAG incorporates herein by reference its responses to all previous allegations made in Third-Party Defendants' Counterclaims.

85. AAG denies the allegations in this paragraph, as they assert legal conclusions regarding the existence of any duty.

86. The allegations contained in Paragraph 86, including each and every subpart, are denied.

87. The allegations contained in Paragraph 87, including each and every subpart, are denied.

88. The allegations contained in Paragraph 88 are denied.

89. The allegations contained in Paragraph 89 are denied.

90. The allegations contained in Paragraph 90 are denied.

91. With regard to Paragraph 91, AAG incorporates herein by reference its responses to all previous allegations made in Third-Party Defendants' Counterclaims.

92. The allegations contained in Paragraph 92 are denied.

93. The allegations contained in Paragraph 93 are denied.

94. The allegations contained in Paragraph 94 are denied.

95. The allegations contained in Paragraph 95, including each and every subpart, are denied.

96. The allegations contained in Paragraph 96 are denied.

97. With regard to Paragraph 97, AAG incorporates herein by reference its responses to all previous allegations made in Third-Party Defendants' Counterclaims.

98. AAG admits that the referenced contracts exist but denies any characterization of its terms inconsistent with the document itself. The contracts speak for themselves. Except as expressly admitted herein, AAG denies the remaining allegations.

99. AAG admits that the referenced contracts exist but denies any characterization of its terms inconsistent with the document itself. The contracts speak for themselves. Except as expressly admitted herein, AAG denies the remaining allegations.

100. The allegations contained in Paragraph 100 are denied.

101. The allegations contained in Paragraph 101, including each and every subpart, are denied.

102. The allegations contained in Paragraph 102 are denied.

103. With regard to Paragraph 103, AAG incorporates herein by reference its responses to all previous allegations made in Third-Party Defendants' Counterclaims.

104. The allegations contained in Paragraph 104 are admitted.

105. The allegations contained in Paragraph 105 are denied.

106. The allegations contained in Paragraph 106, including each and every subpart, are denied.

107. The allegations contained in Paragraph 107, including each and every subpart, are denied.

108. The allegations contained in Paragraph 108 are denied.

### THIRD AFFIRMATIVE DEFENSE

If it is determined that these answering AAG was negligent, as alleged in the Counterclaims or otherwise, which has been and is once again expressly denied, then upon information and belief, it is alleged that intervening negligence and intervening cause on the part of the one or more third parties insulated any negligence on the part of AAG; that such intervening negligence and cause was not foreseeable to AAG; and that such insulating negligence is pled in bar of any purported right of Third-Party Defendants to recover anything from AAG in this action.

### FOURTH AFFIRMATIVE DEFENSE
### (STATUTES OF LIMITATION)

Third-Party Defendants' claims may be barred by the applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE
### (STATUTE OF REPOSE)

Third-Party Defendants' claims may be barred by the statute of repose.

### SIXTH AFFIRMATIVE DEFENSE
### (INTERVENING CRIMINAL ACTS OF A THIRD PARTY)

AAG asserts that Third-Party Defendants' alleged injuries and damages were not legally or proximately caused by any act or omission of AAG, including any alleged negligent hiring,

supervision, or retention. Instead, such injuries were the result of the unforeseen, intentional, and criminal acts of a third party or employee acting outside the scope of employment and without authorization. These acts were independent, superseding, and intervening causes that sever any causal link between AAG's conduct and Third-Party Defendants' alleged harm. As such, AAG is not liable under principles of tort law, and Third-Party Defendants' claims are barred, in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE
### (CONTRACTUAL DEFENSES)

AAG asserts all defenses and remedies available under applicable contract law and reserve the right to assert additional contract-related defenses as discovery progresses and the facts are further developed.

## EIGHTH AFFIRMATIVE DEFENSE
### (RESERVATION OF RIGHTS)

AAG reserves its rights to assert, and do not waive, any additional defenses not included herein, and about which AAG may subsequently become aware throughout the discovery phase of this action.

**WHEREFORE**, AAG, having fully answered the Counterclaims of Third-Party Defendants, prays the Court as follows:

1. That Third-Party Defendants have and recover nothing from AAG in this action, and that this action be dismissed;

2. That all issues of fact be tried before a jury;

3. That the costs of this action be taxed against Third-Party Defendants; and

4. For such other and further relief as the Court may deem just and proper.

This the 12th day of December, 2025.

/s/Kristy M. D'Ambrosio
**David L. Levy (NC State Bar No. 34060)**
**Kristy M. D'Ambrosio (NC State Bar No. 52817)**
**Gardner Skelton, PLLC**
**3746 N. Davidson Street**
**Charlotte, North Carolina 28205**
**Telephone: (704) 335-0350**
**Fax: (704) 936-0294**
**Email: dlevy@gardnerskelton.com**
**kdambrosio@gardnerskelton.com**
*Attorneys for Defendants Asheville Academy for Girls, LLC (f/k/a Solstice East, LLC and Magnolia Mills School)*

**CERTIFICATE OF SERVICE**

I certify that the foregoing **DEFENDANTS ASHEVILLE ACADEMY FOR GIRLS, LLC'S ANSWER THIRD-PARTY DEFENDANTS' COUNTERCLAIMS** has on this date been served upon counsel in this matter via this Court's CM/ECF system.

>Ruth A. Sheehan
>Joel R. Rhine
>RHINE LAW FIRM, P.C.
>1612 Military Cutoff Road, Suite 300
>Wilmington, NC 28403
>ras@rhinelawfirm.com
>jrr@rhinelawfirm.com

>Gareth S. Purnell
>Simon B. Purnell
>GRIFFIN PURNELL LLC
>2037 Airline Road, Suite 200
>Corpus Christi, Texas 78412
>gareth@griffinpurnell.com
>simon@griffinpurnell.com
>Service email: support@griffinpurnell.com

This the 12th day of December, 2025.

/s/Kristy M. D'Ambrosio
David L. Levy (NC State Bar No. 34060)
Kristy M. D'Ambrosio (NC State Bar No. 52817)
Gardner Skelton, PLLC
3746 N. Davidson Street
Charlotte, North Carolina 28205
Telephone: (704) 335-0350
Fax: (704) 936-0294
Email: dlevy@gardnerskelton.com
kdambrosio@gardnerskelton.com
*Attorneys for Defendant/Third-Party Plaintiff Asheville Academy for Girls, LLC (f/k/a Solstice East, LLC and Magnolia Mills School) and Defendant Wilderness Training & Consulting, LLC*